UNITED STATES of America,
Appellee,

v.

Cartense A. BECKETT, also known as
Alphonso C. Beckett, Defendant–
Appellant.

No. 05–3456–CR.

United States Court of Appeals,
Second Circuit.

March 7, 2006.

Joyce C. London (Marshall A. Mintz, on the brief), New York, NY, for Appellant.

Jillian B. Berman, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Harry Sandick, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Present: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

644

Defendant-appellant Cartense A. Beckett appeals from a judgment entered on June 21, 2005, sentencing him principally to 70 months' imprisonment for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Beckett argues that, when imposing sentence, the district court failed to consider adequately the factors set forth in 18 U.S.C. § 3553(a), and particularly his diminished capacity. Beckett also contends that the district court abused its discretion by denying his motion pursuant to § 5K2.13 of the Sentencing Guidelines for a downward departure based on diminished capacity and by failing to make sufficient factual findings to support that denial.

We review sentencing decisions by the district court for reasonableness. *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Reasonableness review has two components. *See United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). First, we review the sentence for procedural reasonableness to determine whether the sentencing court considered the appropriate Guidelines range based on the facts found by the court, treated the Guidelines as advisory, and considered "the other factors listed in Section 3553(a)." *Id.* at 114–15. Second, we review the sentence for substantive reasonableness to determine whether the length of the sentence is reasonable in light of the Guidelines and § 3553(a) factors. *Id.* at 114.

█ A district court's refusal prior to *Booker* to depart downward from the applicable Guidelines range was generally not appealable. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). We reviewed a refusal to depart downward,

however, where the district court misapplied the Guidelines, imposed a sentence that was illegal, or mistakenly believed that it did not have the authority to depart, *see, e.g., United States v. Lainez–Leiva*, 129 F.3d 89, 93 (2d Cir.1997), but the presumption was that the district court understood the circumstances under which it could exercise its discretion to depart from the Guidelines. *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996). We also held that "[a] district court [was] not obliged to give reasons for refusing to depart." *United States v. Scott*, 387 F.3d 139, 143 (2d Cir.2004).

█ *Crosby* did not change our prior case law with respect to the manner in which Guidelines calculations are done or how we review those calculations. *See* 397 F.3d at 112 ("The applicable Guidelines range is normally to be determined in the same manner as before *Booker/Fanfan.*"). Accordingly, because the district court did not misapply the Guidelines, impose an illegal sentence, or fail to understand that it had the authority to depart, we have no basis to review or to overturn the district court's denial of Beckett's motion for a downward departure on the basis of diminished capacity. Moreover, we have never required that a district court give its reasons for declining to depart, *see Scott*, 387 F.3d at 143, and we require no further explanation than the district court provided here.

█ With respect to the reasonableness of the sentence, it is clear from the record that the district court understood that the Guidelines were advisory and considered both the applicable Guidelines range and the § 3553(a) factors in imposing sentence. At sentencing, the district court stated that, "[l]ooking at those factors set forth in Section 3553, a number of them are powerful statements for a period of incarceration within the Guideline range." The district

court then specifically referenced several of those factors, including Beckett's criminal history, the need to protect the public, and Beckett's background, as bearing on its decision to impose a Guidelines sentence and to deny Beckett's motion for a downward departure. In light of these considerations, the district court's sentence was both procedurally and substantively reasonable.

For the foregoing reasons, the judgment of the district court is AFFIRMED.